SEYFARTH SHAW LLP
Andrew R. Escobar, OSB No. 106671
Email: aescobar@seyfarth.com
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Telephone: (206) 946-4910
Facsimile: (206) 946-4901

Ian H. Morrison (admitted pro hac vice)
Email: imorrison@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, IL 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHRISTINE MCCOURT, | Case No. 3:26-cv-00785-SB |
| Plaintiff, | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant")

respectfully requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201

of the following documents:

- **Exhibit D:** 2024 Form 5500 for the NEA Members Insurance Plan

- **Exhibit E:** National Education Association, Form LM-2 Labor Organization Annual
  Report, available at
  https://olmsapps.dol.gov/query/orgReport.do?rptId=900357&rptForm=LM2Form (last

1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

326592725v.4

visited June 3, 2026). NEA's annual report is not attached as an exhibit due to its length (approx. 362 printed pages), but Prudential will provide a copy to the Court at its request.

- **Exhibit F:** "Voluntary Employees Beneficiary Association: 501(c)(9)," available at https://www.irs.gov/charities-non-profits/other-non-profits/voluntary-employees-beneficiary-association-501c9 (last visited June 16, 2026)

- **Exhibit G:** IRS Letter dated September 29, 1978, to the NEA Members Insurance Trust

- **Exhibit H:** IRS Letter dated June 20, 2002, to the NEA Members Insurance Trust

The Court may properly take judicial notice of these documents. Courts are authorized to take judicial notice of a fact that "is not subject to reasonable dispute" because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Taking judicial notice of these matters is compulsory if the requesting party: (1) requests that judicial notice be taken by the court; and (2) furnishes the court with sufficient information to enable it to take judicial notice of the matter. Fed. R. Evid. 201(c).

Judicial notice of the above-identified documents is appropriate because they are matters of public record on file with federal agencies. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (stating that a court "may take judicial notice of matters of public record outside the pleadings"); *Chubby Gorilla, Inc. v. FH Packaging LLC*, No. 8:24-CV-00340-JVS (KES), 2024 WL 3914661, at *4 n.1 (C.D. Cal. July 1, 2024) (court may "take judicial notice of public records on file with federal agencies …").

Courts have previously taken judicial notice of IRS Form 5500 filings like Exhibit D. *See White v. Chevron Corp.*, No. 16-CV-0793-PJH, 2017 WL 2352137, at *5 (N.D. Cal. May 31, 2017) (taking judicial notice of employee savings investment plan documents, including IRS Form 5500 filings for the plan), aff'd, 752 F. App'x 453 (9th Cir. 2018); *Michael v. Blue Cross of*

2

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

326592725v.4

*California*, No. 220CV01836ODWAFMX, 2020 WL 4586967, at *3 (C.D. Cal. Aug. 7, 2020) (taking judicial notice of Annual Return/Report of Employee Benefit Plan because the "Form 5500 is relevant to Plaintiff's plan, and its authenticity is not subject to reasonable dispute as it is available on the United States Department of Labor's website.").

Additionally, judicial notice is appropriate for the NEA's Annual Report on file with the Department of Labor (Exhibit E) and the IRS determination letters (Exhibits G and H). *See Berland v. X Corp.*, No. 24-CV-07589-JSC, 2025 WL 1223547, at *3 (N.D. Cal. Apr. 28, 2025) (holding that defendant's SEC filings were subject to judicial notice, as was the fact that plaintiff's counsel searched a database of ERISA plan statements on the Department of Labor website and was unable to locate such a statement for defendant); *Fed. Trade Comm'n v. Grand Canyon Educ., Inc.*, 745 F. Supp. 3d 803, 829 (D. Ariz. 2024) (court may take judicial notice of matters of public record, including fact that the IRS classified defendant as a § 501(c)(3) public charity in 2015).

Finally, courts routinely take judicial notice of information available on governmental websites, so judicial notice of the information about voluntary employees beneficiary associations from the IRS website (Exhibit F) is proper. *See Berland*, 2025 WL 1223547, at *3; *Sarmiento v. Fresh Harvest, Inc.*, No. 20-CV-07974-BLF, 2022 WL 718565, at *7 (N.D. Cal. Mar. 10, 2022) ("courts commonly find information published on government websites judicially noticeable"; granting request to take judicial notice of wage report information retrieved from the official Department of Labor website); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017) (recognizing that courts may take judicial notice of "'[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

governmental agencies."). *See also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of lists of approved 403(b) vendors displayed publicly on school district web sites because information was made publicly available by government entities and neither party disputed the authenticity of the web sites or the accuracy of the information).

For these reasons, Prudential requests that the Court take judicial notice of the exhibits attached hereto.

Dated this 29th day of June, 2026.

Respectfully submitted,

SEYFARTH SHAW LLP

*s/ Ian H. Morrison*

Ian H. Morrison (admitted pro hac vice)
imorrison@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, IL 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

Andrew R. Escobar (OSB No. 106671)
aescobar@seyfarth.com
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Telephone: (206) 946-4968

*Attorneys for Defendant The Prudential Insurance Company of America*

4

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a true and correct copy of the foregoing DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record.

Jeremy L. Bordelon, OSB No. 160789
jeremy@evergreendisability.com
EVERGREEN DISABILITY LAW
465 Northeast 181st Avenue, No. 500
Portland, Oregon 97230
Telephone: (503) 888-9331
Facsimile: (503) 928-3533
Attorney for Plaintiff

Glenn Kantor, *Pro Hac Vice*
Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

*/s/Ian H. Morrison*
Ian H. Morrison

5

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT